UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 08:22-cv_____-___-___

KRISTEN POWELL, individually and on
behalf of all others similarly situated,

  *Plaintiff*,

vs.

MICHAELS STORES, INC.,

  *Defendant*.

_____/

## NOTICE OF REMOVAL

**TO THE COURT AND THE PARTIES**:

  **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Michaels Stores, Inc. ("Michaels") removes to this Court the state court action described below.

**I. PROCEDURAL HISTORY**

  1. On October 6, 2022, plaintiff Kristen Powell commenced an action in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida ("State Court"), entitled *Kristen Powell, individually and on behalf of all others similarly situated, v. Michaels Stores, Inc.,* Case No. CACE-22-014913 ("State Court Action").

  2. Plaintiff served Michaels with a copy of the summons and complaint on October 13, 2022. A true and correct copy of the Summons and Complaint is attached as **Composite Exhibit A**. The Summons and Complaint attached as **Composite Exhibit A** constitute all the process, pleadings, and orders served upon Michaels in the State Court Action. *See* 28 U.S.C. § 1446(a).

3. The Complaint asserts a cause of action under the Florida Telephone Solicitation Act, seeking statutory damages, an injunction, an order declaring that Michaels has violated the FTSA, and attorneys' fees. **Composite Exhibit A-1**, Compl. at Count I and Count II and Prayer for Relief, pp. 12–15.

4. Plaintiff purports to bring this action on behalf of herself and "[a]ll persons in Florida who were sent a text message regarding Defendant's goods and/or services, using the same equipment or type of equipment utilized to text message Plaintiff, from July 1, 2021 through the date on which an Order granting class certification is entered." Compl. ¶ 41.

## II.   BASIS FOR REMOVAL JURISDICTION:  CLASS ACTION FAIRNESS ACT

5. The Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and removal of the State Court Action to this Court is proper, because (a) the action purports to be a "class action," (b) the putative class consists of at least 100 supposed class members, (c) the citizenship of at least one putative class member is different from the citizenship of one defendant, and (d) the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(d).

### A.   <u>Putative Class Action</u>

6. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7. Plaintiff alleges that the State Court Action is brought on behalf of an alleged "class" pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). *See* Compl. ¶ 41.

8. The case is a "class action" for purposes of removal under CAFA.

B. **Putative Class Consists of No Less than 100 Members**

9. Removal under CAFA is appropriate where "the number of members of all proposed plaintiff classes in the aggregate" is not "less than 100." 28 U.S.C. § 1332(d)(5).

10. As defined by the Plaintiff, the class alleged exceeds 100 members. Compl. ¶ 41.

C. **Minimal Diversity of Citizenship Exists**

11. Under CAFA, minimal diversity jurisdiction exists if any member of the purported class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

12. Plaintiff resides in Broward County, Florida (Compl. ¶ 6) and upon information and belief, works, owns real property, and is registered to vote in Broward County, Florida. Thus, plaintiff is domiciled in, and for purposes of removal jurisdiction is a citizen of, the State of Florida.

13. Michaels is a corporation that is incorporated under the laws of the State of Delaware and that has its principal place of business in Texas. For purposes of removal jurisdiction, Michaels is a citizen of the States of Delaware and Texas. 28 U.S.C. § 1332(c)(1).

14. The Complaint does not name any other defendants.

15. Minimal diversity exists because defendant Michaels is not a citizen of the State of Florida and at least one purported class member—namely, plaintiff—is a citizen of the State of Florida.

D. **Amount in Controversy Exceeds CAFA Threshold**

16. CAFA requires that the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "[T]he claims of the individual class members shall be aggregated" when determining the matter in controversy. *Id.* at § 1332(d)(2).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

18. The Florida Telephone Solicitation Act permits a prevailing plaintiff to recover up to at least $1,500 per call if a defendant willfully or knowingly made a call in violation of the act, Fla. Stat. § 501.059(10)(a)–(b), which plaintiff has pleaded.  Compl. ¶ 37.

19. Although Michaels denies all liability to plaintiff and the putative class, the Complaint asserts an aggregate amount in controversy in excess of $5,000,000 because the number of texts that Michaels sent to "persons in the State of Florida . . . on or after July 1, 2021" (Compl. ¶ 41), puts more than $5,000,000 at issue.

III. **REMOVAL PROCEDURE**

A. **Removal is Timely**

20. Removal of the action to this Court is timely pursuant to 28 U.S.C. § 1446(b) because Michaels filed the notice of removal within 30 days of Plaintiff serving Michaels with the Summons and Complaint on October 13, 2022.

B. **Venue is Proper**

21. Removal to the United States District Court for the Southern District of Florida is proper because the State Court where the State Court Action was filed is located within the jurisdiction of this District.  28 U.S.C. § 1441(a); 28 U.S.C. § 89(b).  The State Court is located in Broward County, Florida, and thus the case is properly assigned to the Ft. Lauderdale Division of this Court.

C. **Notice to Plaintiff and State Court**

22.     Pursuant to 28 U.S.C. § 1446(d), Michaels is filing written notice of this removal with the State Court concurrently with the filing of this notice, and will serve that notice on plaintiff. A copy of the notice that Michaels is filing in the State Court is attached as **Exhibit B**.

IV.    CONCLUSION

For the reasons set forth above, the action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Michaels removes this action from the State Court to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division. Thus, Michaels respectfully requests that the Court proceed with the action as if it had been originally filed herein.

Dated: November 11, 2022

Respectfully Submitted,

/s/ *Dianne O. Fischer*
Dianne O. Fischer
Florida Bar No. 994560
deedee.fischer@sidley.com
pvilla@sidley.com
Nicole K. Chipi
Florida Bar No. 1010396
nchipi@sidley.com

**Sidley Austin LLP**
1001 Brickell Bay Dr.
Suite 900
Miami FL, 33131
Phone: (305) 391-5236

*Counsel for Defendant Michaels Stores, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing on this to all counsel or parties of record on this 11th day of November 2022.

*/s/ Dianne O. Fischer*
Dianne O. Fischer